UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**CARDIONAL ANNA VINES CARTER,**

  **Plaintiff,**

                Civil Action 2:12-cv-789
  v.              Judge Algenon L. Marbley
                Magistrate Judge Elizabeth P. Deavers

**MORRIS,** *et al.,*

  **Defendants.**


## REPORT AND RECOMMENDATION

Plaintiff, Cardinal Anna Vines Carter, an Ohio resident proceeding without the assistance of counsel, filed a request to proceed *in forma pauperis* along with her Complaint on August 30, 2012. (ECF No. 1.) The Court granted Plaintiff's request to proceed *in forma pauperis*, but was unable to conduct an initial screen pursuant to 28 U.S.C. § 1915(e) because Plaintiff's handwritten Complaint was illegible. The Court ordered Plaintiff to re-file her Complaint, and to ensure the legibility of each of her allegations. (ECF No. 2.) Plaintiff re-filed her Complaint on October 9, 2012. (ECF No. 3.) This matter is before the Court for an initial screen of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e). For the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint for failure to state a claim upon which relief may be granted and for lack of subject matter jurisdiction.

### I. STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915(e), the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*     \*     \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Rule 8(a) of the Federal Rules of Civil Procedure. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. § 1915(e)(2)(B)(ii)). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, a complaint will not "suffice if it tenders

---

[1] Formerly 28 U.S.C. § 1915(d).

'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). Additionally, the Court must construe *pro se* complaints liberally. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 129 S.Ct. at 1949.

## II. ANALYSIS

Notwithstanding Plaintiff's attempt to clarify the allegations of her Complaint, it is difficult to discern what injury Plaintiff allegedly suffered and what wrongdoing the named Defendants allegedly committed. Plaintiff appears to allege that Defendant Adba agreed to repair Plaintiff's vehicle for $90 dollars. Plaintiff later returned to claim her vehicle, at which time Defendant Adba agreed to accept just $50 dollars. Apparently Plaintiff's vehicle was not running, nor would the headlights turn on. Plaintiff contends that the headlights turned on before she dropped off her vehicle for repairs. Defendant Adba subsequently requested that Plaintiff remove her vehicle from his property. Plaintiff makes no further allegations pertaining to Defendant Adba, and no allegations whatsoever pertaining to the remaining Defendants.

Even affording her Complaint the most liberal construction, Plaintiff has failed to state a claim upon which relief may be granted. Simply put, the above facts do not implicate a cognizable federal claim to relief against Defendant Adba. Plaintiff's complete failure to allege any wrongdoing on the part of the remaining Defendants subjects her purported claims against those Defendants to dismissal.

Moreover, Plaintiff's Complaint does not satisfy Rule 8(a)(1) of the Federal Rules of Civil Procedure because it fails to assert any claim with an arguable basis in law over which this Court has subject-matter jurisdiction. "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). Federal-question jurisdiction is invoked when a plaintiff pleads a claim "arising under" the federal laws or the Constitution. *Id.* (citation omitted). For a federal court to have diversity jurisdiction pursuant to Section 1332(a), there must be complete diversity, which means that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Plaintiff, on her Civil Cover Sheet, indicated that this Court has jurisdiction over this case because the United States Government is a plaintiff. The United States, however, is not a named party in this action. In its September 10, 2012 Order, the Court cautioned Plaintiff that in order to withstand an initial screen, she must set forth in her Complaint an appropriate basis upon which this Court may exercise jurisdiction. Plaintiff has failed to indicate such a basis in her re-filed Complaint. Nor does a comprehensive review by the Undersigned reveal that any such basis exists. Plaintiff fails to allege a violation of any federal law. As set forth above, the

Undersigned is unable to determine what claims Plaintiff is attempting to assert or what relief she seeking. There does not appear to be complete diversity between Plaintiff and all of the Defendants. Moreover, Plaintiff's allegations do not suggest that the requisite amount in controversy could potentially be met.

Accordingly, Plaintiff has failed to state a claim upon which relief may be granted. Additionally, Plaintiff has failed to sufficiently plead a claim arising under the federal laws or the Constitution such that neither a basis for federal question jurisdiction nor diversity of citizenship jurisdiction exists. It is, therefore, **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to

magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

    **IT IS SO ORDERED**.

Date: October 25, 2012                          /s/ *Elizabeth A. Preston Deavers*
                                                                               Elizabeth A. Preston Deavers
                                                                               United States Magistrate Judge